REQUESTED BY: Nebraska Corn Development, Utilization and Marketing Board
You have requested an Attorney General's Opinion regarding eligibility for membership on the Nebraska Corn Development, Utilization and Marketing Board under certain described circumstances. Specifically, you have asked whether a corn producer who 1) discontinues his farming operation in the spring of 1997, 2) continues to derive the majority of his income in 1997 from corn, 3) becomes a full-time seed company representative in 1997, and 4) continues to be a shareholder in a family farm that produces corn, is eligible to serve as a member of the Corn Board in 1997 or in subsequent years.
The qualifications for Corn Board membership are set forth at Neb. Rev. Stat. §§ 2-3611 — 2-3620 (1991 and Supp. 1996). Section 2-3611 provides that the members must be citizens of Nebraska, at least twenty-one years of age, "actually engaged ingrowing corn in this state for a period of at least five years" and "derive a substantial portion of their income from growingcorn." (emphasis added). Section 2-3614 requires members to reside within their respective district. Section 2-3620 provides for removal of members who cease to be a resident of the state, cease to live in the district from which appointed or cease to"be actually engaged in growing corn in the state." (emphasis added). Another relevant statute is section 2-3605, which defines "grower" as "any landowner personally engaged in growing corn". (emphasis added).
A similar set of statutory provisions was examined by this office in Op. Att'y Gen. No. 92065 for the Grain Sorghum Board. In that opinion, we said:
 Pursuant to the Grain Sorghum Resources Act, Neb.Rev.Stat. §§ 2-4001 to 2-4020 (Reissue 1991), the Board "shall be composed of seven members who . . . have been actually engaged in growing grain sorghum in this state for a period of at least five years, and . . . derive a substantial portion of their income from growing grain sorghum." Neb.Rev.Stat. § 2-4004 (1)(c), (d) (emphasis added). Although this section uses the phrase "have been" growing grain sorghum (rather than "are" growing), when the section is read in its entirety and in context with other sections of the Act, it is clear the members must be currently actually engaged in growing grain sorghum. Section 2-4004
(1)(d) requires that members derive a substantial portion of their income from growing grain sorghum (present tense). Furthermore, pursuant to § 2-4009, "a member of the board shall be removable for ceasing to . . . be actually engaged in growing grain sorghum in the state." Thus, a grain sorghum grower who completely retires is ineligible for board membership.
The question here, however, is whether a person qualifies as one who is "actually engaged in growing grain sorghum" under the specific circumstances described [in the opinion request].
In making this determination, it is necessary to examine the term "actually engaged." The word "actual" is defined as follows:
 Real; substantial; existing presently in fact; having a valid objective existence as opposed to that which is merely theoretical or possible. Opposed to potential, possible, virtual, theoretical, hypothetical, or nominal. Something real, in opposition to constructive or speculative; something existing in fact. It is used as a legal term in contradistinction to virtual or constructive as of possession or occupation. Actually is opposed to seemingly, pretendedly, or feignedly, as actually engaged in farming means really, truly in fact.
Pinder v. Dean, 520 A.2d 1119, 1124 (Md.App. 1987) (quotingBlack's Law Dictionary 33 (5th ed. 1979))
 (emphasis added). The word "engage" is defined as "to employ or involve one's self; to take part in; to embark on." Black's Law Dictionary at p. 528.
 As quoted above, "actually" in the context of "actually engaged in farming" means "really, truly in fact." We conclude a retired grain sorghum grower who retains ownership of land and equipment and occasionally performs labor is, despite these facts, not actually engaged in growing grain sorghum for purposes of the Nebraska Grain Sorghum Resources Act. Thus, we conclude such individuals do not meet statutory requirements for Board membership.
Op. Att'y Gen. No. 92065 (April 29, 1992). Similarly, we have previously advised the Nebraska Dry Bean Commission that a member who ceased to be employed by a dry bean processor was not eligible to continue on the board.
As to the Corn Board, we conclude that a person in the circumstances set forth in your letter is eligible to serve on the Corn Board during 1997 only for so long as he or she isactually engaged in growing corn. He or she would not be eligible for membership on the Board thereafter unless and until he or she again meets the statutory qualifications. Although under the scenario in your letter the producer will continue to receive substantial income from corn in 1997, he must also be "actually engaged in growing corn."
We note that the statutes do not preclude eligibility by someone who is a seed salesman if they are also actually engaged in growing corn and meet the other criteria in the statute. However, under the facts presented in this case (where the producer "will discontinue his farming operation as of this spring") it appears that the producer will not be actively engaged in growing corn after that time.
Sincerely,
 DON STENBERG Attorney General
 Steve Grasz Deputy Attorney General
Approved By:
Don Stenberg
Attorney General